Honorable Stanley Russ State Senator P.O. Box 787 Conway, AR 72032
Dear Senator Russ:
You have requested an opinion regarding the state Freedom of Information Act. Specifically, you have asked if it was permissible for the governing body of the University of Central Arkansas to conduct an executive session for the purpose of setting the policy and criteria to be utilized in the search for a new president. I lack sufficient facts to respond to the specific incident you cite, however, I will respond to the general question.
In light of the above qualification, the answer to your question is no.
In question is Ark. Stat. Ann. § 12-2805, which provides:
 Executive sessions will be permitted only for the purpose of considering employment, appointment, promotion, demotion, disciplining or resignation of any public officer or employee.
The language of the statute is clear in that executive sessions are permitted only for personnel matters. At issue is whether or not policies relating to the permissible personnel matters are also proper justification for executive sessions.
I believe that an executive session must revolve around a specific individual or individuals, not policies, based on the Arkansas Supreme Court's general guidelines for interpreting the Freedom of Information Act, the legislative intent regarding the executive session provision of the Freedom of Information Act, and past opinions of the Attorney General.
In Laman v. McCord, 245 Ark. 401, 432 S.W. 2d 753 (1968) the Arkansas Supreme Court outlines the doctrine that the Freedom of Information Act is "to be interpreted most favorably to the public." The Court continues to follow Laman. Therefore, when a conflict arises involving the Freedom of Information Act, it is clear that the Supreme Court believes the balance is to tip in favor of openness.
I believe the legislative intent of this provision of the Freedom of Information Act to be clear: the executive session was created to protect the privacy interests of an individual, not accommodate a governing body. The Arkansas Supreme Court recognizes this in Commercial Printing Co., et al v. Rush, et al., 261 Ark. 468, 549 S.W. 2d 790 (1977):
The Legislature has provided for both the public's right to know and protection of the individual's rights from unwarranted adverse publicity and ensuing damage to individual's reputations in Ark. Stat. Ann. § 12-2805.
Also, in Commercial Printing, supra, the court states that:
 Where an executive session of the Board of Correction was called for the discussion of a personnel matter, the discussion was carefully limited to the conduct of specific prison employees . . ., the meeting was conducted in accordance with the Freedom of Information Act. (Emphasis added).
Additionally, this Office has previously opined that an executive session may deal with a specific salary issue, involving a specific individual, but not broad salary issues (See, Opinion No. 77-144).
Based on the above, one can reason that a closed meeting to consider anything other than an issue relating to a specific individual is not a proper executive session.
In sum, it is my opinion that an action like the one taken by the UCA Board of Trustees is more properly classified as a policy matter since the meeting did not concern the hiring of a specific individual, but rather how to proceed to hire an as yet unknown person. Therefore, such a meeting would not be a proper executive session as provided for in the Arkansas Freedom of Information Act.
The foregoing opinion, which I hereby approve, was prepared by Chief Deputy Attorney General Dan Kennett.